**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Yeison Villatoro, on behalf of himself and all other similarly-situated individuals,<br><br>*Plaintiff*,<br><br>*v.*<br><br>Que Rentals Inc., A Quality Party and Linen Inc., Samuel Danziger<br><br>*Defendants.* | **COMPLAINT**<br><br>Civ. Action No.: 25-cv-8113<br><br>COLLECTIVE AND CLASS ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiff, by his undersigned attorneys the Law Office of Robert D. McCreanor, P.L.L.C. as and for his Collective and Class Action Complaint, alleges as follows:

**Preliminary Statement**

1. Plaintiff Yeison Villatoro ("Plaintiff") worked for Defendants Que Rentals Inc., A Quality Party and Linen Inc., and Samuel Danziger (hereinafter collectively "Defendants") for approximately 3 years in their large-scale Kosher party rental and restaurant business based in Spring Valley, New York as a warehouse laborer and driver during which time he was regularly paid less than the minimum wage and never paid the required overtime premium. He and the many other individuals working in these positions regularly worked far in excess of 40 hours per week but were always paid a flat amount each week regardless of the number of hours worked.

2. To remedy these and other legal violations, Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") on behalf of himself and other similarly-situated workers currently

and formerly employed in Defendants' Spring Valley-based business. Plaintiff seeks, *inter alia*, his unpaid wages, liquidated damages, and damages for other violations of the FLSA and NYLL.

**Jurisdiction and Venue**

3. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 201 *et seq.* (FLSA).

4. The Court has jurisdiction over Plaintiff's pendent state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff's state law claims are part of the same case or controversy as Plaintiff's federal claim.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the acts and/or omissions giving rise to the claims alleged in this Complaint occurred within this district.

6. Defendants reside and/or do business in this district.

**Parties**

7. Plaintiff Yeison Villatoro is an adult who currently resides in New York State.

8. Mr. Villatoro was employed by Defendants at their Spring Valley-based business from approximately November 2021 to August 28, 2024.

9. Mr. Villatoro consents in writing to becoming a party in this action. A true and correct copy of Mr. Villatoro's FLSA consent form is attached hereto as Exhibit 1.

10. Defendant Que Rentals Inc. is an active corporation, organized under the laws of New York, with a place of business in Spring Valley, New York.

11. Defendant A Quality Party and Linen Inc. is an active corporation with a place of business in Spring Valley, New York.

12. Defendant Samuel Danziger is, upon information and belief, the principal owner and manager of the aforementioned corporate entities and resides in Rockland

County, New York.

13. At all times relevant to this action, Defendants have been an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(r)–(s).

14. Defendants had gross sales made or business done in excess of $500,000 annually for each of the years from 2021 through the present.

15. At all times relevant to this action, Defendants were "employers" of Plaintiff and others similarly-situated as defined by the FLSA and NYLL.

16. At all times relevant to this action, Plaintiff and others similarly-situated have been non-exempt employees of Defendants as defined by the FLSA and NYLL.

17. At all times relevant to this action, Defendants employed Plaintiff and others similarly-situated within the meaning of the FLSA and NYLL.

18. Defendant Samuel Danziger controlled the terms and conditions of Plaintiff's employment including his hiring and firing, his work schedule and his rate of pay.

**Factual Allegations**

19. From approximately November 2021 to August 28, 2024, Plaintiff regularly worked 7 days per week for Defendants, with the exception of an approximate 3 month leave period in 2022.

20. Throughout this time period, Plaintiff drove vehicles transporting party rental items to and from Defendants' Spring Valley location. Plaintiff also performed a range of other manual labor including loading and unloading items and working in Defendants' Spring Valley warehouse.

21. From Sunday to Friday, Plaintiff regularly began work at 8:00 a.m each day. He regularly worked until at least 6 p.m. but often worked later. On Wednesdays and Thursdays, he regularly worked until at least 7 p.m. and often worked until 12 a.m. or later.

22. Often, Defendants called Plaintiff at his home in the evening or late at night, including on Saturdays, and directed him to report for work again in order to make a delivery or assist in the warehouse. Plaintiff typically worked at least 4 -5 hours on these occasions.

23. Plaintiff worked a total of at least 60 hours each week and often worked more than 70 hours each week.

24. Plaintiff was initially paid a flat rate of $800 per week which was subsequently increased to $825 per week.

25. Occasionally, Plaintiff was paid an additional $100 or $150 for making “night deliveries” as described in paragraph 22 above.

26. In some weeks, Plaintiff was paid as little as $10 per hour, less the then applicable New York State minimum wage. For example, when Plaintiff began his employment with Defendants in November 2021 he was paid a flat weekly rate of $800 and sometimes worked 74 hours per week.

27. Plaintiff was never paid a premium rate for hours over 40 worked in a week.

28. On a daily basis during his employment with Defendants, Plaintiff worked alongside other similarly-situated employees who were non-exempt manual laborers performing the same or similar work and being paid in the same manner.

29. Plaintiff and others similarly situated regularly worked more than ten hours in a work day.

30. However, Plaintiff and others similarly situated were never paid an extra hour of pay for days on which their workdays spanned more than 10 hours.

31. Defendants failed to furnish proper and accurate wage notices to Plaintiff and others similarly situated as required by NYLL § 195(1).

32. Defendants failed to furnish proper and accurate wage statements to Plaintiff and others similarly situated as required by NYLL § 195(3).

33. Throughout their employment, Plaintiff and others similarly situated were furnished with wage statements which did not state the number of hours worked or rate of pay.

34. As a result of Defendants' failure to provide the required wage notice and wage statements, Plaintiff was unable to discern the occurrence and magnitude of the legal violations he suffered and therefore was delayed in bringing a legal action to recover his earned but unpaid wages. This delay deprived him of resources needed to buy food, pay rent and cover other basic living costs and cost him the time value of money.

**FLSA Collective Action Allegations**

35. Plaintiff brings his FLSA overtime wage claims, the First Cause of Action, as a collective action under 29 U.S.C. § 216(b) on behalf of himself and those individuals who may opt into the "FLSA Collective" defined as: "all current and former employees who worked for Que Rentals Inc., A Quality Party and Linen Inc., and/or Samuel Danziger in their Spring Valley, NY-based business as manual laborers at any time between October 1, 2022 through the date of final judgment in this matter."

36. The current and former employees described above are situated similarly to Plaintiff

within the meaning of FLSA, 29 U.S.C. § 216(b) and, therefore, the First Cause of Action herein may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA.

37. Common proof applicable to Plaintiff and the other workers will show that Defendants failed to pay wages as required by the FLSA to Plaintiff and other workers.

38. This cause of action is also maintainable as collective actions pursuant to FLSA, 29 U.S.C. §216(b), because the prosecution of separate actions by individual members of the FLSA Collective would create a risk of inconsistent or varying adjudications with respect to individual current and former employees which would establish incompatible standards of conduct for Defendants.

39. The names, last known addresses and cell phone numbers of the proposed FLSA Collective members are available to Defendants. Defendants therefore should be required to provide Plaintiff with a list – including names, last known addresses, cell phone numbers, and email addresses if known – of all current and former employees who would be members of the proposed FLSA Collective.

40. Notice of and an opportunity to join this lawsuit should be provided to all potential opt-in Plaintiffs both by first class mail to their last known address and by workplace posting, as well as by other practicable means including but not limited to text messaging, as soon as possible.

**Rule 23 Class Action Allegations**

41. Plaintiff brings his NYLL claims, the Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action, on behalf of himself and all other similarly situated individuals (hereinafter "the NYLL Class") under Rules 23(a), (b)(1) and (b)(3) of the Federal

Rules of Civil Procedure. The NYLL Class is defined as follows: "all current and former employees who worked for Que Rentals Inc., A Quality Party and Linen Inc., and/or Samuel Danziger at their Spring Valley, NY-based business as manual laborers at any time between October 1, 2019 through the date of final judgment in this matter."

42. The persons in the NYLL Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than 40 members of the NYLL Class during the six years prior to the filing of this lawsuit.

43. Plaintiff is currently unaware of the identities of all of the employees who would be members of the Class, but this information is readily ascertainable from Defendants' records. Defendants should therefore be required to provide Plaintiff with a list – including last known addresses, telephone numbers, and email addresses if known – of all manual laborers employed by Defendants between October 1, 2019 and the present.

44. The claims of the named Plaintiff are typical of the claims of the NYLL Class. Members of the proposed class have all been subject to the same unlawful practices of Defendants, and their claims arise out of these same practices.

45. Plaintiff and the Class members have the same statutory rights under New York Labor Law and are all non-exempt employees within the meaning of New York Labor Law.

46. Named Plaintiff and the NYLL Class members suffered similar types of damages.

47. The named Plaintiff's claims are typical of the claims of the NYLL Class because, among other things, Plaintiff was a manual laborer and suffered the same labor law violations as other employees.

48. Plaintiff's interests are co-extensive with the interests of the NYLL Class members, and Plaintiff has no interests adverse to the NYLL Class members.

49. Plaintiff will fairly and adequately represent the interests of the NYLL Class members. Plaintiff's interests do not conflict with the interests of the members of the Class they seek to represent.

50. Plaintiff understands that, as a class representative, he assumes a responsibility to the class to represent its interests fairly and adequately.

51. Plaintiff has retained counsel experienced in prosecuting class actions and in employment matters. There is no reason why this Plaintiff and his counsel will not vigorously pursue this matter.

52. The Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class as a whole.

53. There are questions of law and fact common to the NYLL Class which predominate over any questions affecting only individual members.

54. Questions of law and fact common to NYLL class as a whole include, but are not limited to the following:

a. Whether Defendants are employers under the FLSA and/or the NYLL;

b. Whether Defendants failed to pay class members their required wages for all hours worked, in violation of the NYLL;

c. Whether Defendants unlawfully failed and continue to fail to pay required overtime compensation in violation of FLSA;

d. Whether Defendants unlawfully failed and continue to fail to pay spread of hours and overtime compensation in violation of NYLL; and

e. Whether Defendants failed to provide legally-required wage notices and wage statements, in violation of NYLL.

55. A class action is superior to other available means for the fair and efficient adjudication of the claims at issue herein – particularly in the context of wage and hour litigation where individual employees lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

56. The damages suffered by each individual class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the litigation necessitated by Defendants' conduct.

57. Further, it would be difficult for individual members of the NYLL Class to effectively individually obtain redress for the wrongs done to them. If individual actions were to be brought by each member of the NYLL Class, the result would be a multiplicity of actions, creating hardships for members of the NYLL Class, the Court, and the Defendants.

58. Individualized litigation also presents a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the Court system.

59. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

60. This case does not present individualized factual or legal issues which would render a class action difficult.

61. In the alternative, the NYLL Class may be certified because:

(a) the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Compensation Violations**
**On Behalf of Plaintiff and those individuals**
**who may opt into the FLSA Collective**

62. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

63. Plaintiff and other similarly-situated workers regularly worked more than 40 hours in a single work week.

64. Defendants willfully failed to pay Plaintiff and the other similarly-situated manual laborers an overtime premium of one half of their regularly hourly rate for every hour they worked above 40 in a work week.

65. Defendants' failure to pay an overtime premium for all hours worked above 40 in a work week violates the FLSA, 29 U.S.C. § 207(a), and its implementing regulations.

66. Plaintiff and other similarly-situated workers are entitled to their unpaid wages, plus an additional equal amount in liquidated damages, as a consequence of Defendants' unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

67. Plaintiff and other similarly-situated workers also seek, and are entitled to, attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NYLL – Minimum Wage Violations**
**On Behalf of Plaintiff and the NYLL Class**

68. Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

69. Defendants willfully failed to pay Plaintiff and others similarly situated individuals at least the then applicable New York State minimum wage for every hour they worked above forty (40) hours in a single work week.

70. Defendants' failure to pay the required wages as set forth above was willful within the meaning of NYLL §§ 198, 663, and 681.

71. Plaintiff and the NYLL Class are entitled to their unpaid wages mandated by the NYLL, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions, in accordance with NYLL §§ 198, 663, and 681.

72. Plaintiff and the NYLL Class also seek, and are entitled to, attorneys' fees, costs, and

interest.

**THIRD CAUSE OF ACTION**
**NYLL – Overtime Compensation Violations**
**On Behalf of Plaintiff and the NYLL Class**

73. Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

74. Defendants willfully failed to pay Plaintiff and others similarly situated overtime at a rate of at least one-and-a-half times their regularly hourly rate for every hour they worked above forty (40) hours in a single work week.

75. Defendants' failure to pay the required wages as set forth above was willful within the meaning of NYLL §§ 198, 663, and 681.

76. Plaintiff and the NYLL Class are entitled to their unpaid wages mandated by the NYLL, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions, in accordance with NYLL §§ 198, 663, and 681.

77. Plaintiff and the NYLL Class also seek, and are entitled to, attorneys' fees, costs, and interest.

**FOURTH CAUSE OF ACTION**
**NYLL – Spread of Hours**
**On Behalf of Plaintiff and the NYLL Class**

78. Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference all of the previous allegations as if fully set forth herein.

79. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an extra hour of pay for days on which his workday spanned more than 10 hours or on which he worked split shifts within 7 calendar days after the end of the week in which the wages were earned in violation of the NYLL and its regulations.

80. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hours compensation, plus an additional 100 percent as liquidated damages, as a consequence of Defendants' unlawful acts and omissions in accordance with NYLL §§ 198, 663, 681.

81. Plaintiff and others similarly situated also seek, and are entitled to, attorneys' fees, costs, and interest.

**FIFTH CAUSE OF ACTION**
**NYLL – Wage Notice Violations**
**On Behalf of Plaintiff and the NYLL Class**

82. Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

83. Defendants failed to provide Plaintiff and others similarly situated with accurate wage notices as required under NYLL § 195(1).

84. For Defendants' violation of NYLL § 195(1), Plaintiffs and others similarly situated are entitled to $50 for each day of work in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to NYLL § 198(1-b).

85. Plaintiff also seeks, and is entitled to, attorneys' fees, costs, and interest.

**SEVENTH CAUSE OF ACTION**
**NYLL – Wage Statement Violations**
**On Behalf of Plaintiff and the NYLL Class**

86. Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

87. Defendants failed to provide Plaintiff and others similarly situated with accurate wage statements with every payment of wages which provided all of the information required under NYLL § 195(3).

88. For Defendants' violation of NYLL § 195(3), Plaintiff and others similarly situated are

entitled to $250 for each day of work in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to NYLL § 198(1-d).

89. Plaintiff also seeks, and is entitled to, attorneys' fees, costs, and interest.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE**, Plaintiff requests that this Court enter an Order:

a. assuming jurisdiction over this action;

b. declaring this action to be maintainable as a FLSA collective action pursuant to 29 U.S.C. § 216 and allowing employees to opt into the action;

c. certifying this case as a class action in accordance with Fed. R. Civ. P. 23 with respect to Counts II through VI;

d. declaring Defendants violated the FLSA and the NYLL;

e. permanently enjoining Defendants from further violations of the FLSA and NYLL;

f. granting judgment to Plaintiff and others similarly situated who may opt into this action on their FLSA claims and awarding unpaid wages and an equal amount in liquidated damages;

g. granting judgment to Plaintiff and others similarly situated on their NYLL claims and awarding unpaid wages, applicable statutory damages, and liquidated damages as provided for by statute;

h. awarding Plaintiff and others similarly situated prejudgment and postjudgment interest as allowed by law;

i. awarding Plaintiff and others similarly situated their costs and reasonable

attorneys' fees; and

j. granting such further relief as the Court deems just and proper

DATED: Hawthorne, NY
October 1, 2025

/s/ Robert McCreanor
Robert McCreanor
Law Office of Robert D. McCreanor, P.L.L.C.
245 Saw Mill River Road
Suite 106
Hawthorne, NY 10532
(845) 202-1833
rmccreanor@rdmclegal.com

*Attorneys for Plaintiff*